**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TONY BONNEY,

        Plaintiff - Appellant,

  v.

JOHN VAN DAVEER; JEAN
PENTECOST; BUTTE SILVER BOW
COUNTY; JOHN AND JANE DOES, 1-
10,

        Defendants - Appellees.

No. 09-35108

D.C. No. 2:08-cv-00046-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted January 14, 2010[**]
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

    Plaintiff Tony Bonney ("Bonney") brought this action under 42 U.S.C.

§ 1983 against Defendants John VanDaveer ("VanDaveer"), Jean Pentecost

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously finds this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

("Pentecost"), and Butte Silver Bow County ("BSBC") (collectively, "Defendants"), alleging violation of his constitutional right to due process. Pentecost and VanDaveer discovered Bonney using BSBC equipment for personal use and confronted him on the spot; he acknowledged the violation of work rules and was terminated the following day. Bonney's union pursued a grievance on his behalf and an arbitrator agreed that Bonney had violated the rules but found that termination was too harsh a penalty and ordered a sixty-day suspension instead. Bonny was reinstated to his position with back pay, less the amount of wages for the suspension period.

The district court granted summary judgment in favor of Defendants, and Bonney timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bonney's § 1983 claim alleges that he was deprived of his constitutionally-protected right to continued employment without due process. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009). However, Bonney received all the pre-termination process to which he was due for the temporary suspension he received. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). When confronted by his superiors, Bonney acknowledged that he was caught and indicated that he was willing to "take his lumps," thus, Bonney clearly understood

that he could be disciplined. VanDaveer specifically asked Bonney what he was doing, whether the jackhammer he was using belonged to BSBC, and whether Bonney had permission to use it at his home. Bonney admitted that he was using the BSBC equipment without permission and acknowledged that he knew it was wrong. The following day, the Defendants provided Bonney with a termination letter, which detailed again the rules that Bonney had violated. The termination was later set aside.

We need not decide whether, had he been terminated permanently, the pre-termination procedures would have been sufficient under *Matthews v. Harney County, Or., Sch. Dist. No. 4*, 819 F.2d 889 (9th Cir. 1987). We hold that the Defendants provided Bonney with sufficient pre-termination due process as required by *Loudermill* and *Matthews*. We also consider the post-termination remedies which were available and utilized by Bonney in assessing the validity of the claimed constitutional violation. *Loudermill*, 470 U.S. at 547–48. We are satisfied there was no constitutional violation sufficient to sustain a civil rights claim.

**AFFIRMED.**

*Bonney v. VanDaveer*, No. 09-35108

TASHIMA, Circuit Judge, dissenting:

Constitutional due process requires that an employee with a property interest in his employment be provided adequate procedures prior to termination.[1] Pre-termination procedures are adequate only if the employee is provided: (1) adequate notice; (2) an explanation of the evidence; and (3) a meaningful opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Matthews v. Harney County, Or., Sch. Dist. No. 4*, 819 F.2d 889, 892 (9th Cir. 1987) (clarifying that notice must be adequate and that the opportunity to respond must be meaningful). Here, Bonney did not receive due process because he was not provided adequate notice or given a meaningful opportunity to respond as required by *Matthews*. It is also uncontested that his employment was terminated and that he was required to pursue union grievance procedures to overturn that termination. Therefore, I would reverse the grant of summary judgment.

The majority errs by treating Bonney's reinstatement as effectively erasing his termination for purposes of due process analysis. *Cf. Loudermill*, 470 U.S. at 536-37, 548 (finding a valid due process claim where a public employee was not

---

[1] The district court apparently assumed that Bonney had a protectible property interest in his continued employment under state law and so do I.

provided adequate pre-termination process even though he was later reinstated).

Adequate post-termination process cannot make up for the inadequacy of pre-termination proceedings. *See Matthews*, 819 F.2d at 892.

Accordingly, I respectfully dissent.